PER CURIAM:
Claimant herein seeks reimbursement in the amount of $26,000.00 for certain work done on Russet Drive, a West Virginia secondary highway located in Cross Lanes, Union District, Kanawha County.
The claimant, Rainbow Development Corporation, was engaged in land development, the creation of subdivisions, and housing construction. The Kanawha County Planning and Zoning Commission required it to widen and improve a section of Russet Drive before the commission would grant it permission to sell lots in the area.
Claimant thereupon drafted a set of plans and specifications and submitted them to the respondent Department of High *229 ways. The Department of Highways informed Rainbow that it would not be necessary for the corporation to bear the expense of upgrading Russet Drive, and that if Rainbow proceeded with the subdivision of the lots and got several families to live there, the Department of Highways would improve the road. Rainbow then took this information back to the Kanawha County Planning and Zoning Commission, which found the proposal unacceptable. The Commission ruled that the work would have to be completed before any families could be moved into the subdivision. Ernest Pennington, claimants’ president, testified, the Rainbow Development Corporation “went back to the Department of Highways and agreed in writing (via a permit) to widen and improve the road at our expense.” There was a cost estimate of approximately $8,400.00 for the work.
The set of specifications for the project had originally called for asphalt pavement, but approximately one month after the Department of Highways issued the work permit, District Engineer L. S. Smith issued to Rainbow a verbal directive to change the pavement from asphalt to concrete. Testimony at the hearing indicated that there was never a written agreement concerning reimbursement:
“Q. Did you ever enter into any kind of contract with the Department of Highways, other than the permit which has been admitted into evidence. . . ?
A. No, there was never a contract on this job, no.
Q. Now, that permit does not make any mention of payment to you by the Department of Highways; isn’t that correct?
A. It does not.
Q. Did you ever receive anything in writing, any agreement, from the Department of Highways that they would pay for any portion of this, in writing?
A. The only thing we’ve ever received was a verbal commitment from the district engineer, Mr. Smith.”
From the evidence, it is clear to this Court that no contract *230 was ever entered into by the parties. It follows that there can be no breach of contract on the part of the respondent, and no basis for liability. Hence, the claim is hereby disallowed.
Claim disallowed.